983 F.2d 52
 Christina CARTER, an infant under the age of fourteen years,
by her father and next friend, Grover C. CARTER; Grover C.
Carter, individually; and Jo Hannah Carter, individually,
Plaintiffs-Appellants,
Community Mutual Insurance Company, Intervening Plaintiff,
v.
Gary CORNWELL; James Murphy, as Director of Public Works,
City of Ashland, Kentucky; and Ronald McBride, as
Chief of Police, City of Ashland,
Kentucky, Defendants-Appellees.
 No. 92-5292.
 United States Court of Appeals,
Sixth Circuit.
 Argued Oct. 5, 1992.
Decided Jan. 6, 1993.
Rehearing Denied Feb. 23, 1993.
 
 Charles R. Coy, James T. Gilbert (argued and briefed), Coy, Gilbert & Gilbert, Richmond, KY, for plaintiffs-appellants.
 Daniel King, III (argued and briefed), Gregory L. Monge (briefed), Matthew J. Wixsom (argued), Van Antwerp, Monge, Jones & Edwards, Ashland, KY, for defendants-appellees.
 Before MILBURN and NORRIS, Circuit Judges; and KRUPANSKY, Senior Circuit Judge.
 KRUPANSKY, Senior Circuit Judge.
 
 
 1
 Plaintiffs-Appellants, Christina Carter, Grover C. Carter and Jo Hannah Carter, have appealed from the district court's dismissal of their diversity action against defendants-appellees, James R. Murphy and Ronald McBride for damages resulting from injuries to Christina Carter suffered in an automobile accident.
 
 
 2
 On April 9, 1990, Christina Carter was struck by a vehicle operated by Gary Cornwell. Cornwell was driving south on 29th Street in Ashland, Kentucky when Carter attempted to cross the roadway and was struck by Cornwell's automobile. Ashland City Ordinance Number 128 (1988) fixed the speed limit within the city's boundaries at 25 m.p.h. excepting specifically identified roadways. The area of 29th Street here in controversy was not excepted from the imposed 25 m.p.h. speed limitation. The ordinance also authorized the Director of Public Works and the Chief of Police to enforce the promulgated speed limits and to post the said designated speed limits throughout the city where, within their discretion, posting was warranted.[1] Nowhere did the ordinance specifically require that the speed limit on 29th Street be posted in the area in which Christina Carter was injured.
 
 
 3
 Plaintiffs filed suit in federal district court wherein they charged that as a direct and proximate result of the defendants' negligent failure to post and enforce the speed limit the plaintiff, Christina Carter, was injured. In response, defendants, Murphy and McBride, moved for dismissal. Their motion argued that the complaint failed to state a cause of action upon which relief could be granted because it named defendants only in their official capacities and that in these positions they were protected by a limited municipal or official immunity from liability in tort. The district court agreed and granted defendants' motion to dismiss on the basis of official immunity.
 
 
 4
 Plaintiffs then moved to alter or amend the court's order dismissing Murphy and McBride as defendants, charging that governmental immunity in Kentucky only protects officials from making policy or discretionary decisions, while the complaint against defendants alleged ministerial functions. Plaintiffs also moved for leave to file an amended complaint in order to name defendants Murphy and McBride in their individual capacities. The district court denied both of these motions and reaffirmed its decision to dismiss the complaint against Murphy and McBride for failure to state a claim. Moreover, the district court concluded that even if defendants were named in their individual capacities, the plaintiffs would nevertheless fail to state a claim since defendants alleged failure to act would not be considered wrongful outside of their official positions. In order to perfect the case for appeal, plaintiffs filed a motion for entry of final judgment on the dismissal of the claims against Murphy and McBride which the court granted.[2]
 
 
 5
 Whether the district court properly dismissed plaintiffs' complaint pursuant to FED.R.CIV.P. 12(b)(6) is a question of law which this court reviews de novo. A district court's grant of a motion to dismiss is proper when there is no set of facts that would allow the plaintiff to recover. All factual allegations are deemed true and any ambiguities must be resolved in the plaintiff's favor. Jackson v. Richards Medical Co., 961 F.2d 575, 577 (6th Cir.1992). In the present case, the district court granted defendants' motion to dismiss because it found that plaintiffs' claims against defendants Murphy and McBride in their official capacities were barred by the official immunity doctrine in Kentucky.[3]
 
 
 6
 The case comes before this court on an appeal from a diversity action initiated in the United States District Court for the Eastern District of Kentucky. As such, this court must apply Kentucky law in determining whether the doctrine of official or municipal immunity affords defendants any protection. Erie R.R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In Gas Service Co. v. City of London, 87 S.W.2d 144, 150 (1985), the Kentucky Supreme Court found as a general rule that the principle of official or municipal immunity had been abolished by its earlier decision in Haney v. City of Lexington, 386 S.W.2d 738, 742 (1964). In Haney, the Kentucky court eliminated the doctrine of municipal immunity but retained two exceptions to the general rule of no liability. Acts committed in the "exercise of legislative or judicial or quasi-legislative or quasi-judicial functions" would remain immune from liability. Id. at 742.
 
 
 7
 In the ensuing years between Haney and its reaffirmation in Gas Service, the Kentucky Supreme Court allowed arguments of financial expediency and economic impact on municipalities to temper the strict rule of no immunity and the exceptions began to erode the general principle which accords no immunity to municipalities and their officials. Gas Service, 687 S.W.2d at 148-49. Thus, in Gas Service, the Kentucky Supreme Court once again attempted to set out a general principle of no immunity for municipalities and their officials, while still retaining the quasi-legislative and quasi-judicial exceptions articulated in Haney. Id. at 149. In an effort to clarify these exceptions, the court emphasized that municipalities and their officials should not be liable when the "government was not charged with having caused the injury, but only with having failed to prevent it by proper exercise of regulatory functions which have elements appearing quasi-judicial and quasi-legislative in nature." Id.
 
 
 8
 Although the Kentucky Supreme Court has not to this date decided a case involving facts identical to those before this court in the instant case, it has created exceptions to the no immunity rule in other cases involving regulatory functions much like those at issue here. See e.g., Bolden v. City of Covington, 803 S.W.2d 577 (1991) (enforcement of safety and fire violations are regulatory and quasi-judicial functions immune from tort liability); Commonwealth, Dept. of Banking & Securities v. Brown, 605 S.W.2d 497 (1980) (state agency whose employees were derelict in their inspection and regulation of a building and loan held immune from tort liability). Defendants' alleged failure in the present case to post and enforce speed limits is much like the city's failure in Bolden to enforce the housing code.[4] In each case, the city officials were charged with enforcing some type of safety regulation and failed to do so. In Bolden due to the regulatory nature of the city official's function, the conduct was held immune from liability.[5] Defendants' alleged failure to post and enforce the speed limit is equally protected by the limited immunity exception for regulatory conduct.
 
 
 9
 Plaintiffs have attempted to circumvent the municipal immunity doctrine that protects defendants by arguing that Murphy and McBride were sued in their individual as well as official capacities. This claim of error is without merit. Plaintiffs' original complaint specifically named defendants in their official capacities: James R. Murphy, Jr., as Director of Public Works, City of Ashland, Kentucky and Ronald McBride, as Chief of Police, City of Ashland, Kentucky. J.A. 4-5 (emphasis added). The individual capacities of Murphy and McBride are not specified in the complaint either explicitly or implicitly. Thus, plaintiffs' charge that the suit should be allowed to go forward because it stated a claim against defendants in their individual capacities is contrary to the evidence.
 
 
 10
 Accordingly, for the reasons expressed herein, the district court's decision dismissing the claims against defendants Murphy and McBride for failure to state a cause of action is AFFIRMED.
 
 
 
 [1]
 The ordinance provided that:
 Section 3. The Director of Public Works is hereby authorized and directed to install appropriate signs, street markings and other necessary equipment where same are required to carry the provisions of this ordinance into effect.
 The Director of Public Works and the Chief of Police will coordinate installation of appropriate signs and markings by priority based on Highway Safety concerns.
 Section 4. The Chief of Police is hereby authorized and directed to carry the provisions of this ordinance into effect and to take appropriate steps to enforce same after appropriate signs and markings have been installed.
 
 
 [2]
 Since the driver of the vehicle, Cornwell, was a co-defendant in this lawsuit, it was necessary for the district court to enter final judgment under FED.R.CIV.P. 54(b) on plaintiffs' claims against Murphy and McBride in order for this appeal to proceed. The district court did so, finding that its orders dismissing the claims against Murphy and McBride, and denying plaintiffs' motions to alter or amend the judgment, or in the alternative, to amend their complaint against defendants were final in the sense that they would have disposed of the litigation if Murphy and McBride would have been the sole defendants. Liberty Mutual Ins. Co. v. Wetzel, 424 U.S. 737, 742-43, 96 S.Ct. 1202, 1205-06, 47 L.Ed.2d 435 (1976). The district court also granted plaintiffs' motion to continue the trial against Cornwell pending the outcome of this appeal
 
 
 [3]
 In addition, any possible claims the plaintiffs may have had against the city of Ashland, Kentucky were barred by their failure to comply with Kentucky law which requires that any claims against the city for a supposed defect in its streets be given within ninety days. KY.REV.STAT.ANN. § 411.110 (1991)
 
 
 [4]
 In addition, a proximate cause analysis of the current controversy reflects a similarity to the circumstances in Bolden. The nonfeasance by city officials permitted a dangerous condition to occur that made an accident possible, but the proximate cause of the accident was another party's negligence. In Bolden the court decided that it was the owner of the building who would be liable for any injuries that resulted from housing code violations. Bolden, 803 S.W.2d at 581. In this case, the alleged negligent operation of the vehicle was the proximate cause of the accident
 
 
 [5]
 The defendant in Bolden was not a city official but the city itself. This distinction, however, provides no relief for the plaintiffs here since their lawsuit is against the defendants in their official capacity which means the lawsuit is essentially against the city of Ashland